IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JOHN PEYTON ALEXANDER, II**                                                 **PLAINTIFF**

**v.**                                                 **No. 4:13CV245-MPM-JMV**

**EARNEST LEE, ET AL.**                                                    **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of John Peyton Alexander, II, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Alexander claims that the defendants denied his right to due process by erroneously issuing a Rule Violation Report for refusing to submit a urine sample for screening, then finding him guilty of the infraction. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On July 4, 2013, during urinalysis testing, inmate John Alexander told Lt. Robert Sturdivant that he would not sign the chain of custody document regarding the urine sample. Sturdivant then issued a Rule Violation Report alleging that Alexander had refused to provide the sample. Alexander argued that he had agreed to give the sample, but simply refused to sign for it, and thus, he could not be guilty of refusing to provide a urine sample. He also argued that he should be found not guilty due to administrative error. The hearing officer disagreed; Alexander was found guilty of the infraction and punished by loss of 90 days of privileges. He has since exhausted his prison administrative remedies.

***Sandin***

Under the rule set forth in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), Alexander has failed to set forth a claim which implicates the Due Process Clause or any other

constitutional protection. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). The discipline administered the prisoner in *Sandin* was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

Alexander's punishment in the present case is even less severe than that suffered by the plaintiff in *Sandin*, falling well "within the expected parameters of the sentence imposed by a court of law," and thus not rising to a level sufficient to trigger due process protection. *Sandin*, 115 S.Ct. at 2301. As such, Alexander's allegations in this case must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 31st day of January, 2014.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**